UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-14460-Cannon/McCabe

ROBIN PAGE,
FABRICIO VASQUEZ, and
WESTIN LANDIS

       Plaintiffs,

v.

DEPUTY SHERIFF STEVEN O'LEARY,
in his individual capacity, and
SHERRIF WILLIAM D. SNYDER,
In his official capacity,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on a Motion to Sever/Bifurcate ("Motion") (DE 109) filed by Sheriff William D. Snyder in his official capacity ("Sheriff"), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 88). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

## I.    OVERVIEW

This case involves a former deputy sheriff of the Martin County Sheriff's Office ("Deputy"), who made a series of false arrests during his probationary term of employment in 2018 and 2019. Among other victims, Deputy falsely arrested and fabricated evidence against the three Plaintiffs in this case. As a result, Plaintiffs brought claims against Deputy and Sheriff pursuant to 42 U.S.C. § 1983 for violations of their civil rights.

Trial is currently scheduled for the two-week trial calendar beginning September 11, 2023 (DE 107).  By way of this Motion, Sheriff seeks to sever or bifurcate the case into two separate trials, one involving the claims of Plaintiff Landis, and the other involving the claims of Plaintiffs Page and Vasquez.

## II.    LEGAL STANDARD

Sheriff brings this Moton pursuant to Federal Rule of Civil Procedure 42, which provides:

> (b)    **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b); *see also* Fed. R. Civ. P. 21 (authorizing district court to "sever any claim against a party").  When analyzing a Rule 42 motion, courts must consider several factors, including:  (1) the number of plaintiffs; (2) the similarity of the plaintiffs' claims; (3) the similarity of the defendants' defenses to the plaintiffs' claims; (4) whether severance would create delay and drain resources; and (5) other courts' success in holding trials with a comparable number of plaintiffs.  *Ulysse v. Waste Mgmt., Inc. of Fla.*, 645 F. App'x 838, 839 (11th Cir. 2016).  Decisions to sever must be made on a case-by-case basis, and the moving party bears the burden of proof.  *Bender v. Miami Shores Village*, No. 10-22101-cv, 2011 WL 13220446, at *2 (S.D. Fla. June 6, 2011). Courts enjoys broad discretion in deciding Rule 42 motions.  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

## III.    DISCUSSION

Sheriff urges the Court to sever or bifurcate the upcoming trial due to a risk of jury confusion and prejudice (DE 109 at 4).  Specifically, Plaintiffs will proceed at trial on a *Monell* claim against Sheriff, so named after *Monell v. Department of Social Services*, 436 U.S. 658 (1978), where the Supreme Court recognized that municipalities can, in limited circumstances, be

held liable for constitutional injuries under 42 U.S.C. § 1983.  In previous rulings, this Court recognized that Plaintiffs have a triable *Monell* claim based on a theory of failure-to-train/supervise (DE 105).  To prevail on this theory at trial, Plaintiffs must prove, among other elements, that Sheriff "knew based on at least one earlier instance of unconstitutional conduct materially similar to [Deputy's] violation of [Plaintiff]'s constitutional rights that [additional] [training/supervision] was needed to avoid [constitutional violation] likely recurring in the future."  *See* Eleventh Circuit Pattern Jury Instruction (Civil) No. 5.11, Government Entity Liability for Failure to Train or Supervise.  Accordingly, one of the key issues at the upcoming trial will be notice.

In this regard, the facts will show that Deputy made two traffic stops that gave rise to the claims at issue:  one on September 23, 2018, involving Plaintiff Landis, and the other on October 14, 2018, involving Plaintiffs Page and Vasquez (DE 10 ¶¶ 35, 87).  Because the second traffic stop occurred later in time, Plaintiffs Page and Vasquez will be able to point to the earlier traffic stop of Landis as an event that, arguably, contributed to notice.  The reverse will not be true, however, as a § 1983 plaintiff cannot point to events that post-date his or her own constitutional injuries as proof of notice of a need to train/supervise.  *See Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir. 1990) (affirming judgment where "court found no evidence of a history of widespread *prior* abuse by Department personnel that would have put the sheriff on notice of the need for improved training or supervision") (emphasis added).  As such, Plaintiff Landis will not be able to point to the later-dated Page/Vasquez traffic stop as proof of notice.

Sheriff argues this issue will lead to prejudice and confusion because the jury may lump the evidence together and improperly consider the later-dated evidence of the Page/Vasquez traffic stop as proof of notice for the earlier Landis traffic stop.  Sheriff therefore urges the Court to

bifurcate this case into two separate trials.  The first trial would focus solely on the earlier-dated Landis traffic stop, while the second trial would focus on the later-dated Page/Vasquez traffic stop.

The Court finds Sheriff's proposal to be unwieldy, inefficient and unnecessary.  To begin, Sheriff's proposal necessarily involves conducting two separate trials with largely overlapping claims, defenses, and evidence.  Sheriff's proposal would necessitate re-calling many of the same fact and expert witnesses and introducing much of the same documentary evidence.  Presenting this evidence to two different juries would run the risk of potentially inconsistent results.

Sheriff's proposal is especially unwieldy given that the events of the earlier Landis traffic stop would remain relevant to the notice issue during the second trial.  As such, all testimony related to the first traffic stop would necessarily take place twice, once during the initial Landis trial and then again during the subsequent Page/Vazquez trial.  This would result in unnecessary delay, as well as an inefficient use of judicial and party resources.

Moreover, the Court can cure potential confusion or prejudice by way of an appropriate curative instruction.  Courts regularly use curative instructions to address potential prejudice arising from a jury's consideration of evidence for improper purposes.  *See* Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.1 (instructing jury that some evidence may be considered for a "limited purpose"); *United States v. Little*, 227 F. App'x 861, 863 (11th Cir. 2007) (finding no error where trial court gave curative instruction to disregard certain evidence); *Lelieve v. Orosa*, 896 F. Supp. 2d 1190, 1209 (S.D. Fla. 2012) (finding trial court's curative instruction sufficient to cure prejudice).  Here, the Court can craft an appropriate curative instruction to alleviate jury confusion or potential prejudice to Sheriff.

In sum, after considering the factors set forth in Rule 42 and in *Ulysse*, 645 F. App'x at 839, the Court finds this case should not be severed or bifurcated into two separate trials.  Rather, the case should proceed to trial as currently scheduled.

## IV.    CONCLUSION & NOTICE OF RIGHT TO OBJECT

Based on the foregoing, the undersigned **RECOMMENDS** that Sheriff's Motion (DE 109) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.    Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of April 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE