UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14460-CIV-CANNON/McCabe

**ROBIN PAGE**, **FABRICIO VASQUEZ**,
and **WESTIN LANDIS**,

    Plaintiffs,
v.

**STEVEN O'LEARY** and
**SHERIFF WILLIAM D. SNYDER**,

    Defendants.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 112]

**THIS CAUSE** comes before the Court upon Defendant Sheriff William D. Snyder's ("Defendant Sheriff") Motion to Sever/Bifurcate (the "Motion") [ECF No. 109]. On April 14, 2023, Judge Ryon M. McCabe issued a report recommending that Defendant Sheriff's Motion be denied (the "Report") [ECF No. 112]. Defendant Sheriff filed Objections to the Report [ECF No. 113]. The Court has reviewed the Report [ECF No. 112], Defendant Sheriff's Objections [ECF No. 113], and the full record.[1] For the reasons set forth below, the Report [ECF No. 112] is **ACCEPTED**.

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or

---

[1] Plaintiffs neither filed objections to the Report nor responded to Defendant Sheriff's Objections, and the time to do so has expired [ECF No. 112 p. 5].

modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The Court has considered Defendant Sheriff's Objections to the Report and finds no basis to disturb the Report's well-reasoned conclusion.  Defendant Sheriff's Objections raise the concern that due to the "unusual nature" of the case, the use of a curative instruction, as the Report recommends, would not be sufficient to cure any prejudice attendant to Plaintiffs' claims being tried together [ECF No. 113 p. 1].  However, a jury is presumed to follow the court's instructions, *United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996), including any limiting or curative instructions that may be necessary.  Defendant Sheriff has presented an insufficient basis from which to conclude that this well-established presumption would not apply here.  The Court agrees with the Report's recommendation that Plaintiffs' claims should be tried together, in a single trial.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 112] is **ACCEPTED**.

2. Defendant Sheriff William D. Snyder's Motion to Sever/Bifurcate [ECF No. 109] is **DENIED**.

3. On or before **July 14, 2023**, the parties shall file pre-trial filings in accordance with the Court's Order Resetting Trial Deadlines [ECF No. 107].

4. Trial in this matter remains scheduled for the two-week trial period beginning September 11, 2023 [ECF No. 107].

CASE NO. 20-14460-CIV-CANNON/McCabe

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 13th day of June 2023.

_____
**AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

3