UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14460-CIV-CANNON/McCabe
CASE NO. 21-14469-CIV-CANNON/McCabe

**ROBIN PAGE**, **FABRICIO VASQUEZ**,
and **WESTIN LANDIS**,

    Plaintiffs,
v.

**STEVEN O'LEARY** and
**SHERIFF WILLIAM D. SNYDER**,

    Defendants.
_____/

**BRADLEY MARTIN**, **et al.**,

    Plaintiffs,
v.

**WILLIAM D. SNYDER**, in his official capacity
as Sheriff, Martin County, Florida,
and **STEVEN O'LEARY**, individually,

    Defendants.
_____/

## ORDER DENYING MOTIONS TO CONSOLIDATE CASES

**THIS CAUSE** comes before the Court upon the Motions for Consolidation Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Motions"), filed by Plaintiffs in *Page et al. v. O'Leary et al* (Case No. 20-cv-14460) ("*Page*") and *Martin et al. v. Snyder et al.* (Case No. 21-cv-14469) ("*Martin*") [ECF No. 117 (*Page*); ECF No. 81 (*Martin*)]. Plaintiffs ask the Court to consolidate the *Page* and *Martin* cases with a third case, *Tatum v. Snyder et al.* (Case No. 22-cv-14282) ("*Tatum*"), "for the purposes of pre-trial proceedings and trial only" [ECF No. 117 p. 1 (*Page*); ECF No. 81 p. 1 (*Martin*)]. Defendant Sheriff filed a Response in

CASE NO. 20-14460-CIV-CANNON/McCabe
21-14469-CIV-CANNON/McCabe

Opposition in both cases [ECF No. 122 (*Page*); ECF No. 82 (*Martin*)].[1] Following a review of the Motions, the Responses in Oppositions, and the full record in the three cases, the Motions are **DENIED** [ECF No. 117 (*Page*); ECF No. 81 (*Martin*)].

## RELEVANT BACKGROUND

The Court provides a brief overview of the factual backgrounds and procedural histories of each of the three cases.

In the *Page* case (20-cv-14460), filed in December 2020, three Plaintiffs allege that Defendant Sheriff failed to train and supervise Defendant O'Leary and should be held liable under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the failure to train/supervise led to their unlawful arrests by Defendant O'Leary in September 2018 and October 2018 [ECF No. 10 (*Page*)]. The Court previously granted in part and denied in part Defendant Sheriff's Motion for Summary Judgment [ECF No. 105 (*Page*)], and the case is currently set for trial during the two-week period starting on September 11, 2023 [ECF No. 107 (*Page*)].

The *Martin* case (21-cv-14469) was filed in December 2021 and is brought by 13 different Plaintiffs, all of whom bring *Monell* claims under Section 1983 for violations of Plaintiffs' federal constitutional rights and claims under Florida law for false arrest and imprisonment [ECF No. 11 (*Martin*)]. The arrests for the 13 Plaintiffs span different incidents throughout a five-month period in 2018 [ECF No. 11 (*Martin*)]. The Court referred Defendant Sheriff's Motion for Summary Judgment [ECF No. 65 (*Martin*)] to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 68 (*Martin*)], which Magistrate Judge McCabe issued recently on July

---

[1] Defendant Steven O'Leary is in default in all three cases [ECF No. 58 (*Page*); ECF No. 25 (*Martin*); ECF No. 40 (*Tatum*)].

28, 2023 [ECF No. 83 (*Martin*)]. The *Martin* case is also scheduled for trial during the September 11, 2023, trial period [ECF No. 59 (*Martin*)].

Finally, in the *Tatum* case (22-cv-14282), filed in August 2022, a single Plaintiff alleges that Defendant Sheriff is liable under Section 1983 for violations of his constitutional rights and for violating Florida law on the basis of false arrest and imprisonment [ECF No. 1 (*Tatum*)]. Trial is scheduled for the two-week period starting on December 18, 2023, with dispositive motions due on August 17, 2023 [ECF No. 48 (*Tatum*)].

**DISCUSSION**

Plaintiffs argue that the three actions should be consolidated because they involve "an ongoing course of conduct by O'Leary in which he would fabricate arrests and wrongfully arrest individuals with no probable cause" [ECF No. 117 p. 2 (*Page*); ECF No. 81 p. 2 (*Martin*)]. In Plaintiffs' view, "[a]though the facts and circumstances surrounding each Plaintiff's arrest are slightly different, the legal issue for the jury's consideration will be exactly the same for all Plaintiffs" [ECF No. 117 p. 2 (*Page*); ECF No. 81 p. 2 (*Martin*)]. Defendant Sheriff disagrees, responding that, "while the three cases share similar facts and issues of law, they are **not** the same factually and the legal issue(s)" for a jury's consideration are not the same for all the Plaintiffs [ECF No. 122 p. 2 (*Page*); ECF No. 82 p. 2 (*Martin*) (emphasis in originals)]. Defendant Sheriff also notes that, "from a procedural standpoint," all three cases "are at different stages such that consolidation for pretrial and trial is not appropriate" [ECF No. 122 p. 2 (*Page*); ECF No. 81 p. 2 (*Martin*)]. Plaintiffs recognize the different procedural postures but argue that consolidation will "minimize delays" in resolution of the cases [ECF No. 117 p. 3 (*Page*); ECF No. 81 p. 2 (*Martin*)].

Under Rule 42, a court is permitted to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and

3

CASE NO. 20-14460-CIV-CANNON/McCabe
21-14469-CIV-CANNON/McCabe

effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks omitted). The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (internal quotation marks and ellipses omitted). A district court's decision to consolidate actions under Rule 42 is discretionary, and in exercising its discretion, the court must evaluate the following:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alterations omitted).

After weighing the foregoing considerations, the Court does not find consolidation of the above-styled cases for pre-trial and trial purposes to be warranted at this juncture.

First, while it is true that the cases present the overall question of whether Defendant Sheriff can be held liable for violations of the 17 Plaintiffs' rights that were brought about by Defendant O'Leary's false arrests, the circumstances attendant to each of those allegations is necessarily fact-specific, brought by different plaintiffs in three different cases at different times, rooted in different factual chronologies spanning at least a six-month period (June 2018 to December 2018) [*See* ECF No. 10 (*Page*); ECF No. 11 (*Martin*); ECF No. 1 (*Tatum*)]. As Defendant Sheriff notes, the date on which each plaintiff's arrest occurred is important, because resolution of Plaintiffs' Section 1983 claims will depend at least in part on when Defendant Sheriff was on notice of Defendant O'Leary's unconstitutional conduct such that Defendant Sheriff can be held liable for a failure to train or supervise Defendant O'Leary [ECF No. 122 p. 4 (*Page*); ECF No. 82 p. 4 (*Martin*)].

Second, the cases are at varied stages of the pre-trial process, which is another factor

4

CASE NO. 20-14460-CIV-CANNON/McCabe
21-14469-CIV-CANNON/McCabe

counseling against consolidation. For example, while the *Page* case is ready to proceed to trial in September 2023, the parties in the *Tatum* case only recently concluded discovery and have not yet filed dispositive motions. Consolidating these matters would necessarily involve a delay in the resolution of the *Page* and *Martin* cases while any dispositive motions in *Tatum* are resolved.

Finally, the cases ultimately may present different legal questions for the jury's consideration depending on the outcome of still forthcoming pre-trial motions. For example, Defendant Sheriff intends to challenge whether Plaintiff Tatum's arrest was actually unlawful and whether the *Tatum* case was timely filed under the applicable statute of limitations [ECF No. 122 p. 5 n.5 (*Page*); ECF No. 82 p. 5 n.5 (*Martin*)].

For these reasons—the differing factual circumstances presented as to each Plaintiff, the varied procedural stages, and the still-developing legal issues for trial—the Court does not find consolidation to be warranted at this time under the Rule 42 discretionary factors. *See Hendrix*, 776 F.2d at 1495.

\*\*\*

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motions for Consolidation Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure are **DENIED** [ECF No. 117 (*Page*); ECF No. 81 (*Martin*)].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of July 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record