UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14460-CIV-CANNON/McCabe

**ROBIN PAGE**, **FABRICIO VASQUEZ**,
and **WESTIN LANDIS**,

    Plaintiffs,
v.

**STEVEN O'LEARY** and
**SHERIFF WILLIAM D. SNYDER**,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Defendant Sheriff William D. Snyder's Motion for Reconsideration (the "Motion") [ECF No. 136], filed on August 15, 2023. Plaintiffs filed a Response in Opposition [ECF No. 141], to which Defendant Sheriff filed a Reply [ECF No. 153]. The Court has reviewed the Motion [ECF No. 136], the Response in Opposition [ECF No. 141], the Reply [ECF No. 153], and the full record in this case. For the reasons set forth below, Defendant Sheriff's Motion [ECF No. 136] is **DENIED**.

### ARGUMENTS

The Motion seeks reconsideration of the Court's earlier Order Accepting Magistrate Judge's Report and Recommendation (the "Order on Summary Judgment") [ECF No. 105] insofar as it denied summary judgment to Defendant Sheriff on Plaintiffs' failure to train or supervise theory of liability for Plaintiffs' Section 1983 claims [ECF No. 136 p. 1]. As a basis for reconsideration, the Motion states that when counsel for Defendant Sheriff reviewed the record evidence in preparation for another case based on Defendant O'Leary's misconduct, "additional evidence was gleaned concerning the initial investigation conducted by [the Martin

1

County Sheriff's Office (MCSO)] immediately after the State Attorney's Office notified them that the lab results from three drug tests had come back negative" [ECF No. 136 p. 3]. According to Defendant Sheriff, this review leads to the conclusion that "the purported evidence abnormalities would have been arguably 'obvious'—in November 2018—which **post-dates** the Plaintiffs' arrests in this case" [ECF No. 136 p. 3 (emphasis in original)]. Additionally, because there were no "formal or informal complaints of misconduct against O'Leary" until the State Attorney's Office notification in January 2019, Defendant Sheriff argues that he could not have been on notice of O'Leary's misconduct, and therefore could not have been on notice of a need for greater supervision/training of O'Leary at the time of Plaintiffs' arrests in September and October 2018 [ECF No. 136 p. 5].

In response, Plaintiffs argue that Defendant Sheriff does not present any "newly discovered evidence, an intervening development or change in controlling law, or a need to correct a clear error of law or fact" [ECF No. 141 pp. 2–3]. On the merits, Plaintiffs also note that a genuine dispute of material fact still remains as to when Defendant Sheriff was on actual or constructive notice about O'Leary's misconduct [ECF No. 141 p. 3]. Specifically, though January 2019 may have been when Defendant Sheriff received confirmation of O'Leary's misconduct, this does not conclusively determine when Defendant Sheriff had actual or constructive notice of the issues with O'Leary's evidence submissions [ECF No. 141 p. 4]. Viewing the evidence in the light most favorable to Plaintiffs, they argue, O'Leary's supervisors knew that he had an "unusually high number" of narcotics arrests prior to Plaintiffs' arrests, and that there were abnormalities with the evidence O'Leary was submitting after traffic stops, yet Defendant Sheriff "failed to take affirmative steps to supervise O'Leary" [ECF No. 141 pp. 4–8]. These disputes of evidence, Plaintiffs contend, "raise the question of whether [Defendant

Sheriff's] failure to supervise O'Leary contributed to the violation of Plaintiffs' civil rights," a factual issue for the jury to decide, as the Court previously concluded in its Order on Summary Judgment [ECF No. 141 pp. 10–11].

## LEGAL STANDARD

A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson,* 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005); *Reyher v. Equitable Life Assurance Soc'y,* 900 F. Supp. 428, 430 (M.D. Fla. 1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted).

Rule 60(b) allows for reconsideration upon grounds including mistake, newly discovered evidence, and fraud. Fed. R. Civ P. 60(b).[1] Rule 60(b)(6) also contains a "catch-all" provision allowing reconsideration for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but reconsideration under that provision is considered an "extraordinary remedy," *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996). A district court has broad discretion in ruling upon a motion for reconsideration under Rule 60(b). *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984).

---

[1] As Plaintiffs note, Defendant Sheriff does not cite to a particular rule as a basis for the relief requested [ECF No. 141 p. 3; *see* ECF No. 136 p. 4]. Nevertheless, the Court analyzes this as a motion under Rule 60, which authorizes a court to provide relief from a "final judgment, order, or proceeding" in certain circumstances. Fed. R. Civ. P. 60(b).

## DISCUSSION

As is clear from the Motion, Defendant Sheriff raises no newly discovered evidence or fraud by Plaintiffs to justify the relief requested, nor does the Court find that the Motion demonstrates a need to correct a mistake made in the Order on Summary Judgment. In contrast, the Motion makes clear that Defendant Sheriff seeks reconsideration following Defendant Sheriff's review of the evidence in "hindsight" [ECF No. 136 p. 3]. This request amounts to an argument that could have been raised previously. *See Richardson*, 598 F.3d at 740. As such, it is not a proper ground for a motion for reconsideration and is due to be denied on that ground alone.

In any event, even assuming a threshold basis existed to prompt reconsideration, a review of the evidence establishes that a genuine dispute of material fact still remains for resolution by a jury. As made clear in the Report thereafter adopted in the Court's Order on Summary Judgment, the record evidence, viewed in the light most favorable to Plaintiffs as the non-moving party, presents a question as to whether there was a "pattern of similar constitutional violations by untrained employees," *see Connick v. Thompson*, 563 U.S. 51, 62 (2011), prior to Plaintiffs' arrests [ECF No. 99 pp. 10–17; ECF No. 105 pp. 7–8]. Although Defendant Sheriff may wish to argue that O'Leary's misconduct was not "arguably 'obvious'" until November 2018 or January 2019 [ECF No. 136 pp. 3, 5], that is a question for the jury to decide and is not appropriate for resolution on summary judgment. The record on summary judgment contains evidence that some of the narcotics O'Leary submitted into evidence did not match his description of the items (which would have been obvious upon a visual inspection), and that O'Leary's supervisors were aware that he had a high number of narcotics arrests, especially for a new deputy [*See* ECF No. 99 pp. 10–17 (summarizing disputed facts from summary judgment record)]. While the ultimate decision of whether Defendant Sheriff knew of a need to train and/or supervise O'Leary prior to Plaintiffs'

arrests may ultimately be decided in Defendant Sheriff's favor, that decision is best left for the jury. The Court finds no basis in the Motion or in the summary judgment record to reconsider its earlier Order on Summary Judgment. Defendant Sheriff's Motion is denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Sheriff William D. Snyder's Motion for Reconsideration [ECF No. 136] is **DENIED**.

2. This case remains scheduled for trial during the two-week trial period beginning **October 16, 2023** [ECF No. 143].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of September 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record