UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14460-CIV-CANNON/McCabe

**WESTIN LANDIS**,

    Plaintiff,

v.

**DEPUTY SHERIFF STEVEN O'LEARY** and
**SHERIFF WILLIAM D SNYDER**,

    Defendants.[1]
_____/

## ORDER FOLLOWING FINAL PRETRIAL CONFERENCE

**THIS CAUSE** comes before the Court following the Final Pretrial Conference on January 12, 2024, during which the Parties reported a possible settlement pertaining to two out of the three Plaintiffs [ECF No. 188].[2] The Court also heard argument from the parties regarding outstanding evidentiary disputes. For the reasons stated in open court, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Voir dire will be handled by the Court, with attorney-conducted voir dire to occur if necessary on a case-by-case basis as appropriate follow-up. Plaintiff did not submit proposed voir dire questions by the required deadline. Defendant Snyder did propose questions, which the Court will incorporate as appropriate in its questioning of the panel [ECF No. 127].

---

[1] Defendant O'Leary defaulted in this action [ECF No. 58].

[2] Plaintiffs Page and Vasquez since have settled their claims [ECF No. 190]. Stipulations of dismissal are due on or before February 14, 2024 [ECF No. 193].

CASE NO. 20-14460-CIV-CANNON/McCabe

2. No back striking of jurors will be permitted [ECF No. 15-1 p. 5].

3. As a general matter, no specific evidence of arrests of any individuals by O'Leary following Plaintiff Landis's arrest on September 23, 2018, will be permitted to prove Plaintiff Landis's remaining claim for failure to supervise O'Leary. As indicated in the adopted Report and Recommendation [ECF No. 99 p. 11 (Report and Recommendation); ECF No. 105]—and as further discussed in open court and in subsequent briefing [ECF No. 192 pp. 2–3; *see* ECF Nos. 180, 189]—the Court agrees with Defendant Sheriff that such evidence does not make it more or less probable that Sheriff Snyder acted with deliberate indifference to Plaintiff Landis's arrest on September 23, 2018, and initial detention ending on September 24, 2018 [ECF No. 99 p. 11 (Report and Recommendation)].

4. On or before **January 16**, **2024**, the parties shall confer and be prepared to report to the Court the result of any remaining dispute pertaining to the stipulation at paragraph RR of the Joint Pretrial Stipulation [ECF No. 129 ¶ RR].

5. On or before **January 15**, **2024**, the parties each shall file a legal memorandum, not to exceed fifteen (15) double-spaced pages, on the hearsay issues addressed by counsel during the pretrial hearing, with specific reference to proposed exhibits (or portions thereof) and relevant legal authorities.[3]

6. Both parties shall provide to opposing counsel the name of witnesses to be called at trial the next day no later than 6:30 P.M. the preceding day.

---

[3] The parties complied with this directive [ECF Nos. 191, 192].

7. Each party shall provide to the Court complete binders of marked trial exhibits (corresponding to the Joint Exhibit List [ECF No. 186]) no later than 8:30 A.M. on January 16, 2024.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of January 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record